**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JORGE GARZON,**

                **Plaintiff,**

**-vs-**                                                              **Case No. 6:10-cv-1606-Orl-28DAB**

**PROSWEEP CENTRAL FLORIDA, LLC,**
**MARIA ROBINSON, RICHARD**
**ROBINSON, JR.,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 43)**
>
> **FILED:** November 14, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Following a settlement in this Fair Labor Standards Act ("FLSA") case, the parties filed the instant motion, referred to the undersigned for a fairness review. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

      If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against

their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the papers, Plaintiffs Jorge Garzon and Jason Locorini worked for Defendant as drivers and maintenance workers, and alleged that they were owed unpaid overtime wages. Defendants denied the claims, specifically asserting a denial of liability for liquidated damages. Although Garzon estimated that he was not paid for 8-10 hours a week, and thus was owed $13,680.00 in overtime, following review of records which indicated far fewer hours than he estimated, he agreed to accept $4,500.00 in damages (which will be paid in four monthly installments in the amount of $562.50 for claimed overtime wages and four monthly installments in the amount of $562.50 for claimed liquidated damages). Locorini estimated 3-15 hours of overtime work per week, with a claim of $5,953.50 in unpaid overtime damages. Actual records indicated that, if he was

-2-

owed overtime, he would be entitled to $2,183.94 in overtime compensation. Locorini accepted a settlement offer of $4,000.00 (which will be paid in four monthly installments in the amount of $500.00 for claimed overtime wages and $500.00 for claimed liquidated damages). The parties contend that this settlement is fair and reasonable under these circumstances, in view of the proof available and the strength of the affirmative defenses, and, upon review, the Court concurs.[1]

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc*., 647 F.3d 1109, 1115 (11th Cir. 2011) (emphasis added – affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot). As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

---

[1] Although the motion seeks approval of the settlement agreements, the parties have not provided complete copies of the agreements for review. The document attached to the motion purports to be a settlement agreement between Locorini and Defendants, but is not signed by Defendants. The last page of the document is a signature page of what is apparently an agreement between Garzon and Defendants, and is signed only by Defendants (Doc. No. 43-1). As the motion sets forth the relevant terms, however, the Court recommends that the settlement be approved, to the extent it is presented in the motion, but makes no recommendation as to other terms of the settlement agreements that are not before the court.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

Here, Plaintiff's counsel will receive $3,500.00 for Plaintiffs' attorneys' fees and costs. The parties have not tendered a timesheet or affidavit setting forth the hours and rates charged, relying on *Bonetti v. Embarq Mgmt. Co.,* 715 F.Supp. 2d 1222 (M.D. Fla. 2009) as authority for the proposition that there is no need to scrutinize the fee where the parties, as here, negotiated the fee separately from the amounts paid to Plaintiff. Although *Bonetti* is not binding and has not been universally followed in this district, the Court is nonetheless persuaded that the amount of attorney's fees to be paid under the settlement is reasonable on its face for litigating two FLSA claims through settlement.[2] As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further.

For the reasons stated, the Court finds the settlement to be a fair and reasonable resolution of bona fide FLSA issues and therefore **recommends** that the motion be **granted, and the settlement be approved as to the terms stated in the motion**, and that the complaint be dismissed, as requested.

---

[2] The docket reflects significant difficulties in obtaining records from Defendant, requiring a motion to compel and attendance at a hearing on same. At the rates of $200-250 per hour customarily awarded for FLSA work in this district, an award of $3,500 constitutes less than 10 hours of attorney time per client. At a higher rate, of course, the settlement would represent even fewer hours. Moreover, it is assumed that the amount also includes costs. As is clear, by any measure, the agreed-to fee is not excessive.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 17, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy